1  Anthony Divine EL©™
2  335 E. Albertoni St #200-631
3  near Carson, California [90746]
   Without the United States
4
   Sui Juris and in propria persona
5



FILED
CLERK, U.S. DISTRICT COURT
2/24/21
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CS___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF THE STATE OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANTHONY DIVINE EL©™ | Case No.: CV21-1748-SB(MAAx) |
| Petitioner/Plaintiff, | **COMPLAINT FOR A CIVIL CASE AND DEMAND FOR REDRESS, INJUNCTION, AND OTHER RELIEF** |
| v. | (Unlawful Debt Collection Practices) |
| ALLY FINANCIAL INC, | |
| Respondent/Defendant | |

I. **THE PARTIES TO THIS COMPLAINT:**

    1. **PLANTIFF(s):**

        Anthony Divine EL©™ (hereinafter "Plaintiff"),

        335 East Albertoni Street #200-631

        Carson, California (90746)

        Mlnnation23@gmail.com

        a.    Plaintiff is a natural person

        b.    Plaintiff is a federally protected consumer pursuant to Title 15 1692a(3)

        c.    Plaintiff is a federally protected creditor pursuant to Title 15 1692a(4)

    2. **DEFENDANT(s)**

        CITY OF COMPTON LLC. (hereinafter "Defendant"),

        D-U-N-S number: 076248335

205 S Willowbrook Ave

Compton, California 90220-3134

(310) 605-5500

    a.    Defendant is a California Corporation, authorized to do business in California

    b.    Defendant is a debt collector pursuant to Title 15 1692a(6) and Cal. Civ. Code §1788.2(c)

## II. BASIS FOR JURISDICTION:

1. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. 1692k(d), 28 U.S.C. § 1337.

2. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff is domiciled in this district, and/or where Defendant transacts business in this district.

3. Defendant has violated Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.(hereinafter "FDCPA"), which prohibit and eliminates debt collectors from engaging in abusive, deceptive, and unfair practices.

4. The amount in controversy and the amount that the plaintiff is seeking in redress is $23,921,000.00 because the defendant violated the rights of the plaintiff as a consumer, violated the FDCPA and by doing so caused damage to plaintiff and his estate.

## III. STATEMENT OF CLAIM:

1. On or about February 03, 2020 the plaintiff, through its agent, received a wage garnishment letter from the defendant stating they received a levy to garnish the plaintiff's "wages" and will proceed. See "Exhibit A"

2. Attached to same garnishment notice was an "Earnings Withholdings Order for Taxes" from the STATE OF CALIFORNIA FRANCHISE TAX BOARD, alleging that the plaintiff owed a "delinquent tax debt" in the amount of $15,273.99. See "Exhibit B"

3. By sending the notice for garnishment and initiating an unlawful debt collection, the defendant is a debt collector as defined pursuant to Title 15 1692a(6)

4. The defendant began fraudulently garnishing the plaintiff's compensation as a

debt collector for the Internal Revenue Service on March 5, 2020. See "Exhibit C"

5. The defendant continued to unlawfully garnish the plaintiff's compensation until September 03, 2020 after a total of $15,273.99 was collected. See "Exhibit C"

6. On or about March 11, 2020 the plaintiff, wishing to remain in honor with good faith and clean hands, delivered to the defendant a 27 point Conditional-offer proof of claim/discovery in the form of an affidavit to dispute alleged debt and garnishment action. See "Exhibit D"

7. On or about March 11, 2020 the plaintiff delivered to the defendant a fee schedule for violation of plaintiff's rights and damages to the plaintiff's estate. See "Exhibit D"

8. See "Exhibit E" for Plaintiff's proof of delivery to defendant.

9. Defendant through their silence, dishonor, and non-response to the plaintiff's initial affidavit defaulted on March 21, 2020.

10. Due to their default, defendant has agreed to the terms set forth in the affidavit and compensation is owed to the plaintiff.

11. On or about April 27, 2020 the plaintiff delivered to the plaintiff a Notice of Fault in Dishonor and Opportunity to Cure in the form of an affidavit. See "Exhibit F"

12. See "Exhibit E" for Plaintiff's proof of delivery to defendant.

13. On or about April 27, 2020 the plaintiff delivered to the plaintiff a Certificate of Non-response to evidence the acceptance of the terms and provisions outlined in the conditional-offer proof of claim affidavit delivered to the defendant on March 11, 2020. See "Exhibit G"

14. See "Exhibit E" for Plaintiff's proof of delivery to defendant.

15. On or about December 29, 2020 the plaintiff delivered to the defendant an Affidavit of Fact and Notice of Default in Dishonor Consent to Judgment. See "Exhibit H"

16. On or about December 29, 2020 the plaintiff delivered to the defendant a notice and demand for payment. See "Exhibit I"

17. At the time of the filing of this pleading, the defendants has remained in dishonor at all times

18. At the time of the filing of this pleading, the demand for payment has not been Honored.

### CRIMINIAL ACTIVITY

19. The plaintiff contends that the defendant has participated in criminal activity pursuant to 18 U.S. Code § 1001 by making false and fraudulent statements.

20. The plaintiff contends that the defendant has participated in criminal activity pursuant to 18 U.S. Code § 242 by depriving the rights of the plaintiff.

21. The plaintiff contends that the defendant has participated in criminal activity pursuant to 18 U.S. Code § 514 by passing a false and fictitious statement.

22. The plaintiff contends that the defendant has participated in criminal activity pursuant to 18 U.S. Code § 1951 by robbing the plaintiff of their personal property.

23. The plaintiff contends that the defendant has participated in criminal activity pursuant to 18 U.S. Code § 1961 by participating in racketeering activity.

24. The plaintiff contends that the defendant has participated in criminal activity pursuant to 18 U.S. Code § 1581 by reducing the plaintiff to the state of peonage.

25. Due to this criminal activity the plaintiff was caused damages

### FAIR DEBT COLLECTION PRACTICES ACT

26. In 1977, Congress passed the FDCPA, 15 U.S.C. §§ 1692-1692p, which became effective on March 20, 1978, and has been in force since that date. Section 1692(e) states that Congress purpose for the FDCPA was to ELIMINATE abusive debt collection practices by debt collectors. Finally, a violation of the FDCPA shall be deemed an unfair or deceptive act.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### COUNT I

27. In connection with the collection of a debt, Defendants, directly or indirectly,

have used false, deceptive, or misleading representations or means, in violation of Section 804 of the FDCPA, 15 U.S.C. § 1692b, including, but not limited to, the following:

    a. In numerous instances, Defendants, directly or indirectly stated that the consumer owed a debt in violation of Section 804(2) of the FDCPA, 15 U.S.C. § 1692b (2).

28. In connection with the collection of a debt, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means, in violation of Section 805 of the FDCPA, 15 U.S.C. § 1692c, including, but not limited to, the following:

    a. In numerous instances, Defendants, directly or indirectly, contacted the plaintiff in connection with collection of a debt without prior direct consent given to the debt collector in violation of Section 805(a) of the FDCPA, 15 U.S.C. § 1692c(a); or

    b. In numerous instances, Defendants, directly or indirectly, by continuing to use deceptive, abusive, and unfair debt collection practices to collect an unlawful debt from the plaintiff in violation of Section 805(c) of the FDCPA, 15 U.S.C. § 1692c(c).

29. In connection with the collection of a debt, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means, in violation of Section 806 of the FDCPA, 15 U.S.C. § 1692d, including, but not limited to, the following:

    a. In numerous instances, Defendants, directly or indirectly, by attacking the plaintiff's reputation, accusing the plaintiffs of owing an alleged debt in violation of Section 805(1) of the FDCPA, 15 U.S.C. § 1692d (1); or

    b. In numerous instances, Defendants, directly or indirectly, by use of obscene or profane language in violation of Section 805(2) of the FDCPA, 15 U.S.C. § 1692d (2).

30. In connection with the collection of a debt, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including, but not limited to, the following:

a. In numerous instances, Defendants, directly or indirectly, by using false representation of the character and amount of the alleged debt in violation of Section 807(2) (A) of the FDCPA, 15 U.S.C. § 1692e (2) (A); or

b. In numerous instances, Defendants, directly or indirectly, by using false representation that any service rendered or compensation can be lawfully received by debt collector in violation of Section 807(2)(B) of the FDCPA, 15 U.S.C. § 1692e(2)(B); or

c. In numerous instances, Defendants, directly or indirectly, by using false representation that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person(…)in violation of Section 807(4) of the FDCPA, 15 U.S.C. § 1692e(4); or

d. In numerous instances, Defendants, directly or indirectly, used false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer in violation of Section 807(7) of the FDCPA, 15 U.S.C. § 1692e(7); or

e. In numerous instances, Defendants, directly or indirectly, used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. in violation of Section 807(10) of the FDCPA, 15 U.S.C. § 1692e(10); or

f. In numerous instances, Defendants, directly or indirectly, failed to disclose in the initial written communication with the plaintiff that the debt collector was attempting to collect a debt…, and the failure to disclose in subsequent communications that the communication is from a debt collector in violation of Section 807(11) of the FDCPA, 15 U.S.C. § 1692e(11).

31. In connection with the collection of a debt, Defendants, directly or indirectly,

have used false, deceptive, or misleading representations or means, in violation of Section 808 of the FDCPA, 15 U.S.C. § 1692f, including, but not limited to, the following:

    a. In numerous instances, Defendants, directly or indirectly, by using unfair or unconscionable means to collect any amount not authorized by an agreement or permitted by law in violation of Section 808(1) of the FDCPA, 15 U.S.C. § 1692f (1).

32. In connection with the collection of a debt, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means, in violation of Section 809 of the FDCPA, 15 U.S.C. § 1692g, including, but not limited to, the following:

    a. Consumer notified the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector in violation of Section 809(b) of the FDCPA, 15 U.S.C. § 1692g(b).

33. In connection with the collection of a debt, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means, in violation of Section 812 of the FDCPA, 15 U.S.C. § 1692j, including, but not limited to, the following:

    a. In numerous instances, Defendants, directly or indirectly, by using unfair or unconscionable means to collect any amount not authorized by an agreement or permitted by law in violation of Section 812(a) of the FDCPA, 15 U.S.C. § 1692j

34. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraph 21-27 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## INJUNCTION FOR VIOLATIONS OF
## THE FTC ACT AND FDCPA

35. Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to issue a permanent injunction to ensure that: (a) Defendant CITY OF COMPTON LLC will not continue to violate the FTC Act and the FDCPA.

## EQUITABLE RELIEF FOR VIOLATIONS OF
## THE FDCPA AND FTC ACT

36. Under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, this Court is authorized to issue all equitable and ancillary relief as it may deem appropriate in the enforcement of the FDCPA and the FTC Act, including the ability to order rescission or reformation of contracts, restitution, the refund of monies paid, and disgorgement to deprive a wrongdoer of illgotten gain.

## CIVIL PENALTIES
## FOR VIOLATIONS OF THE FDCPA

37. Defendant CITY OF COMPTON LLC has violated the FDCPA as described above, with actual knowledge or knowledge fairly implied on the basis of objective circumstances, as set forth in Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

38. Each instance within five (2) years preceding the filing of this Complaint, in which Defendant CITY OF COMPTON LLC has failed to comply with the FDCPA in one or more of the ways described above, constitutes a separate violation for which Plaintiff seeks monetary civil penalties.

39. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), Section 814(a) of the

FDCPA, 15 U.S.C. § 1692l, and Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended, authorize the Court to award monetary civil penalties of not more than $11,000 for each violation of the FDCPA.

## IV. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, pursuant to 15 U.S.C. §§ 45(m)(1)(A), 53(b), 1692l, 1681s, and the Court's own equitable powers, respectfully requests that the Court:

1. Adjudging that Defendant violated the FDCPA
2. Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §§ 1692k(a), of $23,912,000.00;
3. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;
4. Enter a permanent injunction to prevent future violations of the FTC Act and the FDCPA, by Defendants;
5. Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act and the FDCPA including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten gains;
6. Award Plaintiff monetary civil penalties for each violation of the FDCPA occurring within five years preceding the filing of this Complaint; and
7. Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Respectfully submitted,

By: /s/ Anthony Divine El©™

All Rights Retained

Anthony Divine El©™

## CERTIFICATE OF SERVICE

I certify that on February 8, 2021, I electronically filed the foregoing document with the clerk of the U.S. District Court, Central District of California, Western Division, using the electronic case filing system of the court.

/s/ Anthony Divine El©™

All Rights Retained

Anthony Divine El©™



# LIBRARY OF CONGRESS

Office of Business Enterprises
Duplication Services Section

THIS IS TO CERTIFY that the collections of the Library of Congress contain a publication entitled **THE STATUTES AT LARGE OF THE UNITED STATES OF AMERICA,** and that the attached photocopies (from PART 1, VOL. XLVIII) - the title page and pages 112 and 113 on which appears H.J. Res. 192, a JOINT RESOLUTION To assure uniform value to the coins and currencies of the United States, June 5, 1933 - are a true representation from that work.

IN WITNESS WHEREOF, the seal of the Library of Congress is affixed hereto on May 2, 2012.

_____
Gregory T. Cooper
Duplication Services, Section Head
Office of Business Enterprises
Library of Congress

U.S. Laws, Statutes, etc. United States

# THE STATUTES AT LARGE

OF THE

## UNITED STATES OF AMERICA

FROM

MARCH 1933 to JUNE 1934

CONCURRENT RESOLUTIONS
RECENT TREATIES AND CONVENTIONS, EXECUTIVE PROCLAMATIONS
AND AGREEMENTS, TWENTY-FIRST AMENDMENT
TO THE CONSTITUTION

EDITED, PRINTED, AND PUBLISHED BY AUTHORITY OF CONGRESS
UNDER THE DIRECTION OF THE SECRETARY OF STATE

## VOL. XLVIII

IN TWO PARTS

PART 1—Public Acts and Resolutions.

PART 2—Private Acts and Resolutions, Concurrent Resolutions Treaties and Conventions, Executive Proclamations and Agreements, Twenty-first Amendment to the Constitution.

PART 1

UNITED STATES
GOVERNMENT PRINTING OFFICE
WASHINGTON : 1934

For sale by the Superintendent of Documents, Washington, D.C. - - - - - - - - - - - - - Price $4.00 (Buckram)

112	73d CONGRESS.   SESS. I.   CHS. 46–48.   JUNE 3, 5, 1933.

[CHAPTER 46.]

AN ACT

June 3, 1933.
[H.R. 4494.]
[Public, No. 29.]

Authorizing a per capita payment of $100 to the members of the Menominee Tribe of Indians of Wisconsin from funds on deposit to their credit in the Treasury of the United States.

Menominee Indians of Wisconsin.
Per capita payments to, from tribal funds.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the Secretary of the Interior be, and he is hereby, authorized to withdraw from the fund in the Treasury of the United States on deposit to the credit of the Menominee Indians in the State of Wisconsin a sufficient sum to make therefrom a per capita payment or distribution of $100, in three installments, $50 immediately upon passage of this Act, $25 on or about October 15, 1933, and $25 on or about January 15, 1934, to each of the living members on the tribal roll of the Menominee Tribe of Indians of the State of Wisconsin, under such rules and regulations as the said Secretary may prescribe.

Approved, June 3, 1933.

[CHAPTER 47.]

JOINT RESOLUTION

June 5, 1933.
[S.J.Res. 48.]
[Pub. Res., No. 9.]

Authorizing the Secretary of War to receive for instruction at the United States Military Academy at West Point, Posheng Yen, a citizen of China.

Posheng Yen, a citizen of China.
Admitted to Military Academy.
*Provisos.*
No Federal expense.
Conditions.

*Resolved by the Senate and House of Representatives of the United States of America in Congress assembled,* That the Secretary of War be, and he is hereby, authorized to permit Posheng Yen to receive instruction at the United States Military Academy at West Point for the course beginning not later than July 1, 1934: *Provided,* That no expense shall be caused to the United States thereby, and that Posheng Yen shall agree to comply with all regulations for the police and discipline of the Academy, to be studious, and to give his utmost efforts to accomplish the courses in the various departments of instruction, and that said Posheng Yen shall not be admitted to the Academy until he shall have passed the mental and physical examinations prescribed for candidates from the United States, and that he shall be immediately withdrawn if deficient in studies or in conduct and so recommended by the Academic Board: *Provided further,* That in the case of said Posheng Yen the provisions of sections 1320 and 1321 of the Revised Statutes shall be suspended: *Provided further,* That S.J.Res. 179, approved March 3, 1933, be, and the same is hereby, repealed.

Oath and service, waived.
R.S., secs. 1320, 1321, p. 227.
Existing law repealed.
Vol. 47, p. 1546.

Approved, June 5, 1933.

[CHAPTER 48.]

JOINT RESOLUTION

June 5, 1933.
[H.J.Res. 192.]
[Pub. Res., No. 10.]

To assure uniform value to the coins and currencies of the United States.

Uniform value of coins and currencies.
Preamble.

Whereas the holding of or dealing in gold affect the public interest, and are therefore subject to proper regulation and restriction; and Whereas the existing emergency has disclosed that provisions of obligations which purport to give the obligee a right to require payment in gold or a particular kind of coin or currency of the United States, or in an amount in money of the United States measured thereby, obstruct the power of the Congress to regulate the value of the money of the United States, and are inconsistent with the declared policy of the Congress to maintain at all times the equal power of every dollar, coined or issued by the United States, in the markets and in the payment of debts. Now, therefore, be it

*Resolved by the Senate and House of Representatives of the United States of America in Congress assembled,* That (a) every provision contained in or made with respect to any obligation which purports to give the obligee a right to require payment in gold or a particular kind of coin or currency, or in an amount in money of the United States measured thereby, is declared to be against public policy; and no such provision shall be contained in or made with respect to any obligation hereafter incurred. Every obligation, heretofore or hereafter incurred, whether or not any such provision is contained therein or made with respect thereto, shall be discharged upon payment, dollar for dollar, in any coin or currency which at the time of payment is legal tender for public and private debts. Any such provision contained in any law authorizing obligations to be issued by or under authority of the United States, is hereby repealed, but the repeal of any such provision shall not invalidate any other provision or authority contained in such law.

(b) As used in this resolution, the term "obligation" means an obligation (including every obligation of and to the United States, excepting currency) payable in money of the United States; and the term "coin or currency" means coin or currency of the United States, including Federal Reserve notes and circulating notes of Federal Reserve banks and national banking associations.

SEC. 2. The last sentence of paragraph (1) of subsection (b) of section 43 of the Act entitled "An Act to relieve the existing national economic emergency by increasing agricultural purchasing power, to raise revenue for extraordinary expenses incurred by reason of such emergency, to provide emergency relief with respect to agricultural indebtedness, to provide for the orderly liquidation of joint-stock land banks, and for other purposes", approved May 12, 1933, is amended to read as follows:

"All coins and currencies of the United States (including Federal Reserve notes and circulating notes of Federal Reserve banks and national banking associations) heretofore or hereafter coined or issued, shall be legal tender for all debts, public and private, public charges, taxes, duties, and dues, except that gold coins, when below the standard weight and limit of tolerance provided by law for the single piece, shall be legal tender only at valuation in proportion to their actual weight."

Approved, June 5, 1933, 4.40 p.m.

*Marginal notes:* Clauses in obligations requiring gold, etc., payments declared contrary to public policy. No future obligation to be so expressed. Payments to be made in legal tender. Conflicting provisions repealed. U.S.C. p. 1003. Other provisions not invalidated. Term "obligation" defined. "Coin or currency." National Economic Emergency Act, amended. *Ante,* p. 52. Coins and currencies as legal tender. Abrased gold coins, according to weight.

---

[CHAPTER 49.]

AN ACT

To provide for the establishment of a national employment system and for cooperation with the States in the promotion of such system, and for other purposes.

June 6, 1933.
[S. 510.]
[Public, No. 30.]

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That (a) in order to promote the establishment and maintenance of a national system of public employment offices there is hereby created in the Department of Labor a bureau to be known as the United States Employment Service, at the head of which shall be a director. The director shall be appointed by the President, by and with the advice and consent of the Senate, and shall receive a salary at the rate of $8,500 per annum.

(b) Upon the expiration of three months after the enactment of this Act the employment service now existing in the Department of Labor shall be abolished; and all records, files, and property (including office equipment) of the existing employment service

*Marginal notes:* National cooperative employment service. United States Employment Service created in Department of Labor. Appointment, etc., of Director. Existing service to be abolished; personnel and property transferred.

From: Anthony Divine El©™
C/o 335 East Albertoni Street #200-631
Carson, California State, near [90746]
Zip exempt/ Nonresident/ Non-Domestic/ Republic;
Without the U.S. by order of *lex domicilii*
(Al Moroc/ Amexem/ Washitaw Territory & Empire)

# AFFIDAVIT OF CONTRACT

**Notice to Principals is Notice to agents and Notice to agents is Notice to Principals**
I am an adamant claimer of all my unalienable rights granted to me by the Most High Creatress/Creator,
known as Yehweh-Oludumare-Amen-Allah, All Rights Reserved.

I send greetings of peace and blessings to all elected and non-elected corporate United States public officials, officers, agents and employees of Federal, State, County and Municipal Governments, and to the personnel of all Corporate Entities; concerning the Constitution for the united States of America of 1787-1791; *i.e.* the *Supreme Law of the Land*, and all Statutory and Civil Law Codes as pursuant thereto, *etc*. Know All Men by These Presents:

Upon my inherited Nobility, and upon my Private Aboriginal/ Indigenous, Proper Person Status and Commercial Liability I, Anthony Divine El©™, have sent through the United States Postal Service by registered mail to the California Attorney General a **NOTICE OF SURETY ACT & BOND No. RF 260 426 048 US**; registered mail No. **RF 260 426 048 US**, and to the Secretary of the Treasury of the United States Department of the Treasury, a **NOTICE OF SURETY ACT & BOND No. RF 260 426 051 US**; registered mail No. **RF 260 426 051 US**. I have in my personal possession: A notarized copy of **NOTICE OF SURETY ACT & BOND No. RF 260 426 048 US**, and a notarized copy of **NOTICE OF SURETY ACT & BOND No. RF 260 426 051 US**.

I attest that the California Attorney General and the Secretary of the Treasury of the United States Department of the Treasury did accept the bonds that were sent to them by registered mail and they kept the lawful assets in accordance with Federal Statutory Law and Treaty Law. Thus, it is a lawful contract.

I am: *Anthony Divine EL*
**Natural Person - In Propria - Authorized Representative; All Rights Reserved Free Muur/Moor; Northwest Africa / North America**
All Rights Reserved without prejudice; UCC 1-103, 1-308, 9-311; *et al*

State of: __Virginia__ )

County of: __Bedford__ ) ss.

On this __10__ day of __October__ month, __2019__ year, before me, a Notary Public of the State of California, came __Anthony Devine El__ who proved to me on the basis of satisfactory evidence) to be the man whose signature is subscribed hereon. The said man solemnly affirmed under oath, that he has firsthand knowledge of the facts contained herein this 'Affidavit of Contract' are true, correct and complete to the best of his knowledge, understanding and belief.

Signature By: _P. Finley_,
Notary Act of 1850
Notary: __Pleuni Clazina D. Finley__

PLEUNI CLAZINA D. FINLEY
REGISTRATION NUMBER
7669630
COMMISSION EXPIRES
JANUARY 31, 2020

Commission Expires: __01/31/2020__ County: __Bedford__

Notarized online using audio-video communication